UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINA LEWIS,

                Plaintiff,

-against-

DAVID HOOVLER; ORANGE COUNTY
DISTRICT ATTORNEY'S OFFICE,

                Defendants.

21-CV-2438 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants maliciously prosecuted her. By order dated April 1, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Regina Lewis alleges the following facts in her complaint: On an unspecified date, Officer Schwartz and other officers from the Town of New Windsor Police Department went to Plaintiff's neighbor's house in order to conduct a "wellness check" on Plaintiff.[1] Officer Schwartz left his card for Plaintiff to call him, and told the neighbor that the reason for the

---

[1] In *Lewis v. Sculley*, ECF 1:16-CV-5685 (CM), Plaintiff sued Schwartz, Sculley, and Prosecutor David Hoovler on claims arising from Plaintiff's arrest in June 2015, and subsequent prosecution; the claims in this action appear to arise out of the same events. That suit was dismissed without prejudice under 28 U.S.C. § 1915(g), because Plaintiff is barred from proceeding IFP as a prisoner, and she did not pay the filing fee. The Court of Appeals for the Second Circuit has also ordered its Clerk of Court to "refuse to accept for filing any further submissions from [Lewis] unless she first obtains leave of the Court to file. *See Lewis v. Cty. of Orange*, No. 16-4017 (2d Cir. May 18, 2018).

wellness check was that Plaintiff "sounded upset" during her phone conversation with Jeffrey Sculley, an attorney with the law firm Rider, Weiner & Frankel, PC.

That evening, at 7:30 p.m., Plaintiff called Officer Schwartz, and they met at the neighbor's house. Officer Schwartz asked Plaintiff to come to the police station "so that he could help [her] get housing."[2] (ECF 2 at 2.) Officer Schwartz told the neighbor that Plaintiff was not under arrest and that she would be released. Plaintiff sat in the front seat of the police car listening to the radio, and she was not handcuffed.

Officer Schwartz later testified that on the way to the police station, Plaintiff made statements to him that constituted terroristic threats, although Plaintiff disputes that her statements qualified as such.

Plaintiff arrived at the police station at about 8:00 p.m. Just after midnight, she was directed to go downstairs, where she was told that she would be fingerprinted and photographed. Plaintiff refused to be fingerprinted or photographed. She was then taken upstairs, and Judge Thorpe arraigned Plaintiff on charges of making a terroristic threat, in violation of N.Y. Penal Law § 490.20. Plaintiff was not represented by counsel at the arraignment, and she was remanded. Bail was set at $30,000.

The prosecutor "was vindictive" and stated that he would drop the charge if Plaintiff agreed to plead guilty to "§ 240.30," which appears to be a reference to a charge of aggravated harassment in the second degree, under N.Y. Penal Law § 240.30. Plaintiff states that her "plea was not . . . intelligent or knowing." (*Id.* at 3.) Plaintiff remained in custody for three years,

---

[2] Jeffrey Sculley represented the City of Newburgh Housing Authority in Plaintiff's suit against the Housing Authority. *See Lewis v. Newburgh Housing Auth.*, 7:11-CV-3194-LMS (S.D.N.Y.).

during which time she was transferred to Mid-Hudson Forensic Psychiatric Center and "drugged" over her objections.

Plaintiff contends that "the prosecutor maliciously prosecuted me." (*Id.*) She seeks $5 million in damages from the Orange County District Attorney's Office, and $5 million from prosecutor David Hoovler.

## DISCUSSION

### A. Competency to Litigate

The Second Circuit has instructed district courts not to make a merits determination in an incompetent person's federal civil action unless the incompetent person is represented by a guardian *ad litem*. *See Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 134-35 (2d Cir. 2009). Although in 2017, Regina Lewis was found incompetent to litigate an action in this court, *Lewis v. Newburgh Hous. Auth.*, ECF 7:11-CV-3194, 153 (S.D.N.Y. Oct. 10, 2017),[3] a district judge recently concluded after a hearing that Plaintiff is competent to litigate a federal civil action, *Lewis v. Jacobson*, ECF 7:20-CV-7973, 2 (CS) (S.D.N.Y.) (finding, after telephonic hearing on March 18, 2021, that Regina Lewis was competent to proceed with her civil action). In light of this recent determination that Plaintiff is competent to litigate her civil proceedings, and given that nothing in this complaint suggests otherwise, it appears that Plaintiff is competent to proceed with this matter.

### B. Malicious Prosecution

The tort of malicious prosecution "remedies detention accompanied . . . by wrongful institution of legal process." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2007). "[F]ederal law

---

[3] Plaintiff was separately convicted on January 5, 2015, of threatening to kill a federal judge. *See United States v. Lewis*, ECF 1:12-CR-0655 (VSB) (S.D.N.Y. Jan. 5, 2015).

4

defines the elements of a § 1983 malicious prosecution claim, and . . . a State's tort law serves only as a source of persuasive authority." *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018). Under New York law, to state a claim for malicious prosecution a plaintiff must allege facts showing that: (1) the defendant initiated or continued a prosecution against the plaintiff; (2) the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) the defendant acted with malice; and (4) the prosecution terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002).

"[A] plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates h[er] innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018); *Thompson v. Clark*, 794 Fed. App'x 140, 141 (2d Cir. 2020) (holding that a dismissal in the interest of justice "is by itself insufficient to satisfy the favorable termination requirement"), *cert. granted*, No. 20-659, 2021 WL 922983 (U.S. Mar. 11, 2021).

Here, Plaintiff alleges that she accepted a plea bargain and pleaded guilty to reduced charges; in other words, the prosecution did not terminate in her favor. Although Plaintiff argues that there were various deficiencies in her criminal proceedings (*e.g.*, her plea was not knowing and voluntary), she does not allege that her conviction "has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal authorized to make such determinations, or otherwise called into question by a federal court's issuance of a writ of habeas corpus." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (relying on *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Plaintiff thus fails state a claim on which relief can be granted for malicious prosecution.

C.    **Prosecutorial Immunity**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendant David Hoovler are based on his actions within the scope of his official duties and associated with the judicial phase of the criminal proceedings. Plaintiff's claims against Defendant Hoovler are therefore dismissed because they seek monetary relief against a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

D.    **Orange County District Attorney's Office**

The Office of the District Attorney does not have a legal existence separate from the District Attorney. *Jones v. City of New York*, 988 F. Supp. 2d 305, 314 (E.D.N.Y. Dec. 20, 2013) (citing *Woodward v. Office of DA*, 689 F. Supp. 2d 655, 658 (S.D.N.Y. 2010)). As such, the Orange County District Attorney's Office is not an entity that can be sued. The Court therefore construes Plaintiff's claim against the Orange County District Attorney's Office as an official-capacity claim against the District Attorney for Orange County.

6

To state an official-capacity claim against the District Attorney for Orange County, a plaintiff must show that the alleged constitutional deprivation was the result of a municipal policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978) (holding that a municipality will not be liable under § 1983 unless the plaintiff can demonstrate that the allegedly unconstitutional action of an individual law enforcement official was taken pursuant to a policy or custom "officially adopted and promulgated by that [municipality's] officers.").

"[T]he responsible entity for purposes of *Monell* liability must be ascertained by looking at how the relevant state elects to allocate responsibilities between itself and its subdivisions." *Bellamy v. City of New York*, 914 F.3d 727, 760 (2d Cir. 2019). "[T]he actions of county prosecutors are 'generally controlled by municipal policymakers for purposes of *Monell*,' and only 'a narrow exception' defines 'the decision of whether, and on what charges, to prosecute' as a state, rather than municipal, function." *Galgano v. Cty. of Putnam*, No. 16-CV-3572 (KMK), 2020 WL 3618512, at *11 (S.D.N.Y. July 2, 2020) (*quoting Bellamy*, 914 F.3d at 759); *see also Baez v. Hennessy*, 853 F.2d 73, 77 (2d Cir. 1988) (holding that when prosecuting a criminal matter, New York prosecutors act on behalf of the State, not the county in which they serve).

Plaintiff complains of the prosecutor's decision to reduce the charges against her from charges of making a terroristic threat to charges of harassment, so that she would plead guilty to lesser charges. (ECF 2 at 3) (alleging that prosecutor "was vindictive" and stated that he would drop the terroristic threat charge if Plaintiff agreed to plead guilty to aggravated harassment in the second degree, under N.Y. Penal Law § 240.30). A prosecutor's determination regarding what charges to prosecute constitutes a state function. *Bellamy*, 914 F.3d at 759; *Baez*, 853 F.2d at 77. Even if Plaintiff could plead facts showing that this determination about the charges against Plaintiff resulted from a policy or custom, the Orange County District Attorney is

nevertheless entitled to Eleventh Amendment immunity on an official-capacity claim against him or her for damages for such a determination. *See, e.g.*, *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) ("The immunity recognized by the Eleventh Amendment extends . . . to state agents."); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) (dismissing official-capacity claims for damages against District Attorney under the Eleventh Amendment).

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)). The Court denies Plaintiff leave to amend her complaint, which seeks money damages from the prosecutor for Plaintiff's prosecution in 2015, because it would be futile to grant Plaintiff leave to amend to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

9

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 5, 2021
        New York, New York

                                      COLLEEN McMAHON
                                  Chief United States District Judge